**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000619
30-NOV-2017
08:22 AM**

NO. CAAP-16-0000619

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
JOHN LOPEZ, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 15-1-250K)

MEMORANDUM OPINION
(By: Leonard, Presiding Judge, Ginoza and Chan, JJ.)

Defendant-Appellant John Lopez (**Lopez**) appeals from the "Judgment of Conviction and Sentence" entered on August 11, 2016, in the Circuit Court of the Third Circuit (**circuit court**).[1]

On appeal, Lopez contends that the circuit court erred when it sentenced him without properly applying the retroactive provisions of Act 231 (2016) (Act Relating to Administration of Justice), namely Section 70(3). Lopez argues that under Act 231, Section 70(3), he should not have been sentenced to a mandatory minimum term and that the circuit court should have at least considered probation.

For the reasons discussed below, we vacate Lopez's sentence and remand for resentencing.

---

[1] The Honorable Melvin H. Fujino presided.

## I.  Background

On September 4, 2015, Plaintiff-Appellee State of Hawaiʻi (**State**) charged Lopez by complaint with numerous counts, including Count 2 for Methamphetamine Trafficking in the First Degree (**First Degree Meth Trafficking**) in violation of Hawaiʻi Revised Statutes (HRS) § 712-1240.7(1)(a) (2014).[2]

On June 14, 2016, a jury trial commenced.  At the close of the second day of trial, Lopez pled guilty to, *inter alia,* Count 2.  Sentencing was scheduled for August 11, 2016.

On July 1, 2016, Act 231 took effect.[3]  2016 Haw. Sess. Laws Act 231, § 72 at 776.  Pursuant to Act 231, *inter alia,* possession of one ounce or more of methamphetamine (which is the basis for Count 2 in this case) is reclassified from First Degree Meth Trafficking to the offense of Promoting a Dangerous Drug in the First Degree (**First Degree PDD**) under HRS § 712-1241 (Supp. 2016).[4]  2016 Haw. Sess. Laws Act 231, §§ 52, 54 at 763-64.  Both

---

[2]  At the time Lopez was charged, HRS § 712-1240.7 (2014) provided, in relevant part:

> [§712-1240.7]  **Methamphetamine trafficking in the first degree.**  (1) A person commits the offense of methamphetamine trafficking in the first degree if the person knowingly:
> (a)    Possesses one or more preparations, compounds, mixtures, or substances of an aggregate weight of one ounce or more containing methamphetamine or any of its salts, isomers, and salts of isomers[.]
>
> . . . .

[3]  Although Act 231 became law without the Governor's signature on July 11, 2016, the provisions of the Act relevant to this case became effective on July 1, 2016.  2016 Haw. Sess. Laws Act 231, § 72 at 776.

[4]  HRS § 712-1241, located in part IV of Chapter 712, and as amended by Act 231 § 54, provides in relevant part:

> §712-1241  **Promoting a dangerous drug in the first degree.** (1) A person commits the offense of promoting a dangerous drug in the first degree if the person knowingly:
> (a) Possesses one or more preparations, compounds, mixtures, or substances of an aggregate weight of:
> (i)    One ounce or more, containing methamphetamine, heroin, morphine, or cocaine or any of their respective salts, isomers, and salts of isomers
> . . . .
>
> (continued...)

2

First Degree Meth Trafficking and First Degree PDD are class A felonies. HRS § 712-1240.7(2); HRS § 712-1241(2). However, for a violation of First Degree Meth Trafficking, a defendant "shall be sentenced to an indeterminate term of imprisonment of twenty years" with a mandatory minimum term of imprisonment, as set forth in HRS § 712-1240.7(3). For a violation of First Degree PDD under HRS § 712-1241, a court may sentence a defendant to twenty years imprisonment, but there is no mandatory minimum term of imprisonment, and the defendant may be sentenced to a term of probation. See HRS § 706-659 (2014); HRS § 706-620(2) (2014).[5]

On August 11, 2016, the circuit court sentenced Lopez to an indeterminate prison term of twenty years, with a mandatory minimum term of eight years for Count 2.

On August 22, 2016, Lopez filed a "Motion for Correction of Sentence" requesting that the circuit court resentence him consistent with Act 231. The circuit court denied the motion.

On September 9, 2016, Lopez timely filed his Notice of Appeal.

---

(...continued)
>    (2) Promoting a dangerous drug in the first degree is a
>    class A felony.

[5]  HRS § 706-659 provides in relevant part:

>    §706-659  **Sentence of imprisonment for class A felony.**
>    . . . . A person who has been convicted of a class A felony
>    defined in chapter 712, part IV . . . may be sentenced to an
>    indeterminate term of imprisonment, except as provided for in
>    section 706-660.1 relating to the use of firearms in certain
>    felony offenses and section 706-606.5 relating to repeat
>    offenders. When ordering such a sentence, the court shall impose
>    the maximum length of imprisonment which shall be twenty years.
>    The minimum length of imprisonment shall be determined by the
>    Hawaii paroling authority in accordance with section 706-669.

In turn, HRS § 706-620(2) provides in relevant part:

>    §706-620  **Authority to withhold sentence of imprisonment.**  A
>    defendant who has been convicted of a crime may be sentenced to a
>    term of probation unless:
>
>    . . . .
>
>    (2) The crime is a class A felony, except class A felonies defined
>    in chapter 712, part IV, and by section 707-702[.]

## II. Discussion

The sole issue in this appeal is whether Section 70 of Act 231 applies in this case, such that Lopez should have been sentenced in a manner consistent with a violation of First Degree PDD under HRS § 712-1241, rather than the mandatory sentencing for First Degree Meth Trafficking under HRS § 712-1240.7(3).

We must construe the relevant provisions of Act 231. In this regard, our "foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself." State v. Nicol, 140 Hawai'i 482, 486, 403 P.3d 259, 263 (2017) (citations and internal quotation marks omitted).

Section 70 of Act 231 provides:

> SECTION 70. This Act does not affect rights and duties that matured, penalties that were incurred, and proceedings that were begun before its effective date; provided that sections 54, 55, and 56 shall apply to offenses committed before the effective date of this Act:
> (1) But not yet charged as of its effective date;
> (2) Originally charged as a violation of section 712-1240.7 or 712-1240.8, Hawaii Revised Statutes, where the defendant:
>   (a) Has not yet been placed in jeopardy or convicted on a plea or verdict; and
>   (b) Waives any claim of denial of speedy trial rights for the period elapsing between the date of filing of the original charge and the date of filing of the new charge under this Act;
> (3) Originally charged as a violation of section 712-1240.7 or 712-1240.8, Hawaii Revised Statutes, for which the defendant has been convicted on a plea or verdict, but not yet sentenced, in which case the defendant shall be sentenced pursuant to this Act; and
> (4) Originally charged as a violation of section 712-1240.7 or 712-1240.8, Hawaii Revised Statutes, for which the defendant has been convicted on a plea or verdict and sentenced but for which no final judgment on appeal has been entered, in which case the appellate court shall either:
>   (a) Remand the case for sentencing pursuant to this Act if the judgment is affirmed on appeal or if the sentence is vacated; or
>   (b) Remand the case for further proceedings pursuant to this Act if the judgment is reversed and remanded for further proceedings.

2016 Haw. Sess. Laws Act 231, § 70 at 775-76 (emphasis added).

The State's position is that Section 70(2)(a) of Act 231 precludes application of Section 70(3) to this case, because prior to Lopez entering his guilty plea he had been placed in jeopardy when the jury was empaneled and sworn. At the hearing on Lopez's motion for correction of sentence, the circuit court agreed with the State, stating in part: "But under [Section 70(2)(a)] it says has not yet been placed in jeopardy or convicted on a plea or verdict. Hasn't he been placed in jeopardy because the witnesses have testified?" The State thus argues that "[t]he 'options' laid out in the remaining portion of 70(2), (3), (4) are all dependent on whether jeopardy has attached as it did in this case." We disagree.

The State's argument is inconsistent with the intent of the legislature set forth in Section 70. Based on our reading of Section 70, the legislature intended, *inter alia*, that Section 54 (the revised version of First Degree PDD) shall apply to offenses committed before the effective date of Act 231 where any of the separate circumstances exist as described in Section 70, subsections (1) through (4). With regard to this case, a plain reading of Section 70 indicates that subsection (3) applies.[6]

The State's argument is also inconsistent with the Hawai'i Supreme Court's recent decision in State v. Bovee, 139 Hawai'i 530, 394 P.3d 760 (2017). Bovee was convicted by a jury of second degree methamphetamine trafficking, and judgement was entered against him in July 2014, prior to the effective date of Act 231. Id. at 536, 394 P.3d at 766; 2016 Haw. Sess. Laws Act 231, § 72 at 776. The fact that Bovee was "in jeopardy" upon the empaneling of his jury did not preclude the supreme court from applying the relevant retroactive Act 231 provision to his case.

---

[6] The State's interpretation of Section 70 would essentially render superfluous significant parts of subsections (3) and (4). However, "[c]ourts are bound to give effect to all parts of a statute, and . . . no clause, sentence, or word shall be construed as superfluous, void, or insignificant if a construction can be legitimately found which will give force to and preserve all words of the statute." Keliipuleole v. Wilson, 85 Hawai'i 217, 221, 941 P.2d 300, 304 (1997).

5

Id. at 543-44, 394 P.3d at 773-74. There, Bovee had been convicted and sentenced, but his appeal was still pending, when Act 231 took effect. The supreme court held that, if this court's affirmance of Bovee's conviction had been correct, the case should have been remanded for resentencing under Act 231, Section 70(4)(a). Id. at 544, 394 P.3d at 774.

A similar analysis should apply here to Lopez. That is, Lopez was originally charged for Count 2 under HRS § 712-1240.7(1)(a) which falls within the purview of Act 231, he pled guilty after his jury trial had commenced, and, as of the effective date of Act 231, he had not yet been sentenced. Thus, pursuant to Section 70(3) of Act 231, the circuit court should have sentenced Lopez consistent with the offense of First Degree PDD under HRS § 712-1241, rather than an offense requiring sentencing under HRS § 712-1240.7(3).

### III. Conclusion

Based on the above, Lopez's sentence set forth in the Judgment of Conviction and Sentence, filed in the Circuit Court of the Third Circuit on August 11, 2016, is vacated. The case is remanded to the circuit court for resentencing.

DATED: Honolulu, Hawai'i, November 30, 2017.

On the briefs:

Terri L. Fujioka-Lilley,
for Defendant-Appellant.

Sheri S. Lawson,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

6